UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LOIS ANN ISBELLE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL A. CHAMBERLAIN, and GREGORY A. ISBELLE,<br><br>    Defendants.<br><br>GREGORY A. ISBELLE,<br><br>    Cross-claimant,<br><br>v.<br><br>MICHAEL A. CHAMBERLAIN,<br><br>    Cross-Defendant. | NO. CV-03-0162-RHW<br><br>**ORDER DENYING DEFENDANT CHAMBERLAIN'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Defendant Chamberlain's Motion for Partial Summary Judgment (Ct. Rec. 35). The motion was heard without oral argument.

## BACKGROUND

This action stems from a boating accident that occurred on the Washington side of the Snake River. Plaintiff Lois Ann Isbelle suffered injuries when the boat driven by her husband, Defendant Gregory Isbelle, was struck by a boat owned and operated by Defendant Michael A. Chamberlain. As a result of the accident, Defendant Chamberlain was charged with operating a boat under the influence of alcohol. He ultimately pleaded guilty to negligent operation of a vessel. As part of

**ORDER DENYING DEFENDANT CHAMBERLAIN'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1**

the criminal proceedings, restitution was ordered.[1] A restitution hearing was held in the Asotin County District Court on August 16, 2001. The court determined that "easily ascertainable damages" were next to impossible to determine and set the restitution amount of the boat at $12,000, which was the policy limit of the Isbelles' insurance company. However, it does not appear that an order directing Defendant Chamberlain to pay this amount was ever entered, nor is there any record that Defendant Chamberlain actually paid this amount.[2] On February 13, 2002, the court entered a supplement order on restitution directing Defendant Chamberlain to pay the Isbelles $3,150.24 for the lost or damaged personal property on the houseboat at the time of the collision.[3] Defendant Chamberlain paid this amount to the Isbelles.

## DISCUSSION

**I. Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

---

[1] RCW 9.94A.142 provides that "restitution ordered by the court pursuant to a criminal conviction shall be based on easily ascertainable damages or injury to or loss of property."

[2] The order stated: "The valuation of the damage to the victim, Gegory Isseble [sic], represented by the loss of his boat is $12,000. The state and defense are instructed to fashion an order of restitution for this and the other non-contested damages."

[3] The Supplemental Order on Restitution states: "IT IS ORDERED that the defendant, Michael A. Chamberlain pay to victims, Gregory and Lois Ann Isbelle and/or Asotin County District Court the sum of $3,152.24 as restitution for lost or damaged property due to Mr. Chamberlain's criminally negligent acts."

**ORDER DENYING DEFENDANT CHAMBERLAIN'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2**

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).  When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

**II.  Defendant's Motion for Partial Summary Judgment**

Defendant Chamberlain argues that summary judgment is appropriate because the Isbelles have been fully compensated for the property damage that they are asserting in their complaint.  He also maintains that the Isbelles' property damage claims are barred by collateral estoppel.

The fact that the Isbelles have received compensation from their insurance company does not relieve Defendant Chamberlain of the need to pay restitution. *See State v. A.M.R.*, 17 Wash. 2d 91, 97 (2002) (holding that defendant should not profit merely because his victim was insured); *State v. Barnett*, 36 Wash. App. 560, 563 (1984) (holding that the cost of crime should not be borne by law-abiding policyholders, whose premiums will be used to make payments to victims).  It is not clear why the Aostin County District Court did not enter an order directing Defendant Chamberlain to pay restitution for the damage to the boat.

Moreover, the doctrine of collateral estoppel does not bar Plaintiff from asserting a claim for the property damage to their boat.  Under Washington law, the party asserting collateral estoppel must prove four elements: (1) the issue decided in the prior action is identical to the issue considered in the second; (2) the prior adjudication ended in a final judgment on the merits; (3) the party to be estopped was a party or in privity with a party to the prior action; and (4) application of collateral estoppel will not work an injustice against the party to be estopped. *Paradise Orchards General Partnership v. Fearing*, 122 Wash. App. 507, 514

**ORDER DENYING DEFENDANT CHAMBERLAIN'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3**

(2004) (citations omitted).

In this case, there was no order or judgment entered against Defendant Chamberlain regarding the amount of restitution Defendant Chamberlain would be required to pay for the damage to the boat. Thus, Defendant Chamberlain fails to meet his burden regarding this prong.

Also, the issue of restitution is not identical to the issue of compensation for property damage under admiralty law. Under admiralty, where there is a total loss, the measure of damages is the market value of the vessel at the time of the destruction, if the vessel is of a class which has such value. *Rodi v. Dean*, 138 F.2d 309, 312 (7th Cir. 1943).[4] If there is not a total loss, the measure of damages is the cost of repairs.[5] *Id; see also Phillips Petroleum Co. v. Stokes Oil Co.,* 863 F.2d 1250, 1257 (6th Cir. 1988) ("Where vessels are damaged in marine accidents, the

---

[4] *See also Standard Oil Co. of New Jersey v. Southern Pac. Co.*, 268 U.S. 146, 154 (1925):

> It is fundamental in the law of damages that the injured party is entitled to compensation for the loss sustained. Where property is destroyed by wrongful act, the owner is entitled to its money equivalent, and thereby to be put in as good position pecuniarily as if his property had not been destroyed. In case of total loss of a vessel, the measure of damages is its market value, if it has a market value, at the time of destruction. *The Baltimore*, 8 Wall. 377, 385, 19 L. Ed. 463. Where there is no market value, such as is established by contemporaneous sales of like property in the way of ordinary business, as in the case of merchandise bought and sold in the market, other evidence is resorted to. The value of the vessel lost properly may be taken to be the sum which, considering all the circumstances, probably could have been obtained for her on the date of the collision; that is, the sum that in all probability would result from fair negotiations between an owner willing to sell and a purchaser desiring to buy. *Brooks-Scanlon Corporation v. United States*, 265 U. S. 106, 123. And by numerous decisions of this court it is firmly established that the cost of reproduction as of the date of valuation constitutes evidence properly to be considered in the ascertainment of value . . . It is to be borne in mind that value is the thing to be found, and that neither cost of reproduction new, nor that less depreciation, is the measure or sole guide. The ascertainment of value is not controlled by artificial rules. It is not a matter of formulas, but there must be a reasonable judgment having its basis in a proper consideration of all relevant facts.

[5] It appears that Mr. Isabelle spent approx. $20,000 restoring his houseboat.

**ORDER DENYING DEFENDANT CHAMBERLAIN'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4**

law permits owners to recover the reasonable cost of repair even though such repair may place the owners in a better position by providing them with new materials for old. *The Baltimore*, 8 Wall 377, 75 U.S. 377, 386, 19 L.Ed. 463 (1869); *Shepard S.S. Co. v. United States*, 111 F.2d 110, 113 (2d Cir. 1940). If property is so badly damaged that the cost of repair exceeds the fair market value of the property just before the damage, the law considers the property destroyed. If property is destroyed it is not reasonable to attempt repair and a fair market value calculation then becomes proper.")

Here, the trial court set restitution based on the statutory definition of restitution, that is "easily ascertainable damage or injury to or loss of property" and concluded that the only "easily ascertainable damage" was the policy limits of the victim's insurance policy. Under admiralty law, this Court would apply a different standard in fashioning damages for the loss of the boat.

Thus, the doctrine of collateral estoppel does not bar Plaintiff from bringing a claim for the property damage to their boat. On the other hand, it does not appear that Plaintiff is challenging the amount of restitution they received from Defendant Chamberlain for damage to their personal property, and a final order was entered in Aostin County District Court for that amount. Thus, to the extent Plaintiff is asserting a claim for damages to their personal property that was damaged as a result of the accident, that claim is barred by collateral estoppel.

Accordingly**, IT IS HEREBY ORDERED:**

1. Defendant Chamberlain's Motion for Partial Summary Judgment (Ct. Rec. 35) is **DENIED**.

//
//
//
//

**ORDER DENYING DEFENDANT CHAMBERLAIN'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5**

1  **IT IS SO ORDERED.** The District Court Executive is hereby directed to
2  enter this order and provide copies to counsel.
3  **DATED** this 18th day of May, 2005.

s/ ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2003\Isbelle\deny.sj.ord.wpd

**ORDER DENYING DEFENDANT CHAMBERLAIN'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6**